**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED PURCHASING ASSOCIATION,**
**LLC, QUALITY CERTIFIED PRODUCTS,**
**LLC,**
          **Plaintiffs,**

**-vs-**                                            **Case No. 6:08-cv-515-Orl-31GJK**

**AMERICAN VALVE, INC.,**
          **Defendant.**

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss, or in the alternative, to Transfer Venue (Doc. 12) and Plaintiffs' Response thereto (Doc. 19).

**I. Background**

On April 7, 2008, Plaintiffs United Purchasing Association, LLC ("UPA") and Qualified Certified Products, LLC ("QPC") filed this action seeking a declaratory judgment establishing that they are not infringing on U.S. Patent 5,141,018 ("the '018 Patent"), which is owned by Defendant American Valve, Inc ("AVI").[1]

On May 19, 2008, AVI filed an action in the District Court of Minnesota ("the Minnesota Case") against UPA, QPC, Paul Joswiak ("Joswiak"), Target Marketing Reps, LLC ("TMR") and Red-White Valve Corp. ("RWV") alleging, *inter alia*, infringement of the '018 Patent. AVI makes the following allegations in the Minnesota Case:

---

[1] Plaintiffs Complaint also seeks a declaratory judgment stating that the '018 Patent is invalid. (Doc. 1 at 5).

In March of this year, AVI learned that its sales representative, Joswiak, had begun selling UPA ball valves with Teflon-coated cast iron balls to AVI customers. Joswiak and TMR used AVI's trade secrets to gain access to AVI customers and convert them to UPA customers by selling similar, if not identical products.

On April 1, 2008, counsel for AVI sent a letter to UPA, notifying them that the continued sale of its cast iron ball valve under the mark "C8000" raised significant concerns for AVI, including whether UPA needed to take a license to the '018 Patent. AVI requested a response from UPA by Monday, April 7, 2008. Instead, UPA filed this declaratory judgment action.

## II. Legal Arguments

AVI first argues that this case should be dismissed for failure to join Joswiak and his company, TMR. However, AVI has failed to demonstrate that Joswiak or TMR are necessary parties under Federal Rule of Civil Procedure 19. Therefore, this argument fails.

AVI next argues that this case should be transferred to Minnesota for the convenience of the parties, to conserve judicial resources and to prevent inconsistent holdings. However, AVI's choice to sue Plaintiffs in Minnesota, over a month after this action was filed in Florida, cannot trump Plaintiffs' choice of venue. Therefore, this case will not be transferred.

Finally, AVI argues that this Court should use its discretion to dismiss this suit because it does not serve the purposes of the Declaratory Judgment Act ("the Act"). Defendant is correct that it is within a district court's discretion whether to entertain a case under the Act.

> The Act states that a court *may* grant declaratory relief. The Supreme Court recently reaffirmed that the Declaratory Judgment Act thereby accords district courts a "unique breadth of . . . discretion to decline to enter a declaratory judgment." *Wilton v. Seven Falls Co.*, 132 L. Ed. 2d 214, 115 S. Ct. 2137, 2143 (1995) (rejecting the argument that district courts are authorized to decline to exercise declaratory judgment jurisdiction only in

"exceptional circumstances"). The Court noted that the Declaratory Judgment Act is "an enabling Act" that confers on district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 2142. The Court characterized the Act as "placing a remedial arrow in the district court's quiver" and as "creating an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id*. at 2143. In expounding on the "unique breadth" of the district court's discretion, the Court explained that "the statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface." *Id*. at 2142. . . . [Therefore], we heed the Supreme Court's instruction that special flexibility is called for in the declaratory judgment context, where "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 115 S. Ct. at 2143. It is appropriate, therefore, for a district court to examine whether hearing the declaratory judgment action would serve the objectives for which the Declaratory Judgment Act was created.

*EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996) (abrogated on other grounds as stated in *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007)).

In this instance, because this Court cannot exercise personal jurisdiction over Joswiak and TMR (*see* Doc. 12 at 8), AVI will be forced to prosecute the Minnesota Case and defend against this one. Maintaining an action here will only result in the duplication of judicial efforts, and may result in inconsistent results. Furthermore, this is not an instance where Plaintiffs' only judicial remedy is obtaining a declaratory judgment. In fact, if Plaintiffs' arguments are meritorious, they will be entitled to a remedy at law in the Minnesota Case. Therefore, the equitable remedy sought by Plaintiffs is neither necessary nor appropriate and this Court declines to entertain this action.

### III. Conclusion

For the reasons stated herein, it is

**ORDERED** that the Motion to Dismiss (Doc. 12) is **GRANTED**. This case is

**DISMISSED** without prejudice and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE